IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCUS PAYTON,

                Petitioner,                OPINION AND ORDER

v.

                                                     16-cv-457-wmc
                                                     14-cr-101-wmc

UNITED STATES OF AMERICA,

                Respondent.

---

MARCUS PAYTON,

                Petitioner,                OPINION AND ORDER

v.

                                                     17-cv-487-wmc
                                                     14-cr-101-wmc

UNITED STATES OF AMERICA,

                Respondent.

---

Marcus Payton, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, has two post-conviction petitions pending before this court. In both, Payton seeks to challenges the career offender enhancement applied at sentencing after he pled guilty to violating 21 U.S.C. § 841(a)(1). In Case No. 16-cv-457, Payton seeks relief under 28 U.S.C. § 2255,[1] arguing that he is entitled to a reduction in his guidelines sentence under the Supreme Court's ruling in *Johnson v. United States*, 135 S.

---

[1] This was petitioner's first motion for post-conviction relief, so he did not need the permission of a panel of the Court of Appeals for the Seventh Circuit to proceed. 28 U.S.C. § 2255(h).

Ct. 2551 (2015), which held the vagueness of the "residual clause" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violated the due process clause of the Fifth Amendment. The court stayed Case No. 16-cv-457 pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). After the Court concluded in *Beckles* that the *Johnson* decision did not invalidate the advisory guidelines' residual clause, however, the government requested that the court reopen this matter and dismiss it on the merits. (Dkt. #4.) Payton responded with his own motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), and he has not objected to the government's request that it be dismissed on the merits.

Payton filed Case No. 17-cv-487 while his § 2255 petition was pending. Payton filed this petition pursuant to 28 U.S.C. § 2241, arguing that his sentence enhancement is now improper in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), which held that a prior conviction counts as a predicate crime under the ACCA only "if its elements are the same as, or narrower than, those of the generic offense." For the reasons that follow briefly, the court will grant the parties' motions in Case No. 16-cv-457, closing that matter, while also dismissing Payton's petition in Case No. 17-cv-487.

OPINION

I. **Section 2255 Petition (Case No. 16-cv-457)**

Marcus Payton was originally charged with three counts of knowingly and intentionally distributing a mixture or substance containing heroin in violation of 21

2

U.S.C. § 841(a)(1). He ultimately pled guilty to one count of violating § 841(a)(1), and the court classified him as a career offender as defined in USSG § 4B1.1(a) based on two previous Wisconsin state court convictions for: (1) armed robbery with threat of force, and (2) battery to a law officer in violation of Wis. Stat. § 940.20(2). Nevertheless, the court imposed a *below*-guideline sentence of 84 months.

In *Beckles*, the Supreme Court held that sentences based on advisory guidelines were not subject to challenges under *Johnson*. More specifically, the Court held that the sentencing guidelines are not amenable to vagueness challenges because, unlike the *statute* at issue in *Johnson*, the advisory guidelines "do not fix the permissible range of sentences," but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." 137 S. Ct. at 894. Therefore, *Beckles* eliminates Payton's argument that he is entitled to relief under *Johnson*.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). As Payton appears to have conceded the issue by agreeing to dismissal of Case No. 16-cv-

457, he cannot make a substantial showing of a denial of a constitutional right and so no certificate will issue.

II. Section 2241 Petition (Case No. 17-cv-487)

In his second petition, Payton takes a different approach in challenging his 84-month sentence, but ultimately this court reaches the same conclusion. Relying on *Mathis*, Payton argues that neither of his prior Wisconsin convictions qualifies as a crime of violence or controlled substance offenses for purposes of the career offender guideline, and that he would have received a significantly lower sentence without the career offender enhancement. In *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013), however, the court of appeals reaffirmed its previous holding in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), that "an error in calculating a defendant's guidelines sentencing range does not justify post conviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Id*. at 916; *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins* is "the law of this circuit").

In this case, Payton challenges this court's application of the sentencing guidelines, but ignores that he was sentenced in 2015, ten years after the Supreme Court held that the guidelines are advisory in *United States v. Booker*, 543 U.S. 220 (2005). Thus, *Hawkins* applies and Payton cannot rely on *Mathis* or other changes in the law to challenge his status as a career offender in a postconviction proceeding. *See also Baker v. Werlich*, 2018 WL

4

264104, at *2 (S.D. Ill. Jan. 2, 2018) (citing to *Hawkins* in dismissing § 2241 petition where petitioner was sentenced under the advisory guidelines); *Benson v. True*, No. 17-cv-736, 2017 WL 6731864, at *2 (S.D. Ill. Dec. 29, 2017) (same).

Although *Hawkins* involved a motion under 28 U.S.C. § 2255, rather than a petition under 28 U.S.C. § 2241, that is not an effective basis to distinguish it. As discussed above, the court of appeal's ruling is not limited to § 2255 motions, but applies to all "postconviction relief." Further, the court reasoned in *Hawkins* that a prisoner could not challenge a sentencing guideline error in a § 2255 motion because such an error was not a "miscarriage of justice" in light of the fact that the guidelines do not affect the statutory maximum, so the sentencing court would be entitled to impose the same sentence even if the case were remanded. *Hawkins*, 706 F.3d at 825. Because a petitioner seeking relief under § 2241 must also show that denying relief would result in a "miscarriage of justice," *e.g.*, *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), the reasoning in *Hawkins* applies equally to a § 2241 petition.

Admittedly, the Seventh Circuit's decision in *Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016), created some uncertainty as to the reach of *Hawkins*. Specifically, in *Dawkins*, a prisoner tried to bring a successive § 2255 motion to challenge his status as a career offender, relying on the Supreme Court's decision in *Mathis*. The court of appeals declined to authorize a successive motion on the ground that "only new rules of constitutional law, made retroactive by the Supreme Court, can provide a basis for authorization." *Dawkins,* 829 F.3d at 551. Because *Mathis* did not announce a new rule

5

of constitutional law, the court held that a prisoner could not rely on that decision to bring a successive motion under § 2255. Instead, the court concluded that "[a]n independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241." *Id.* Thus, although *Dawkins* could be interpreted as opening the door to a claim like petitioner's, it does not offer relief in these circumstances because the court did not overrule *Hawkins* or undermine its holding. Because *Hawkins* is directly on point, it is controlling and requires dismissal of this petition.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because *Dawkins* creates some ambiguity, and there is room for debate about how the court of appeals might resolve petitioner's claim, the court will issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that:

(1) Petitioner Marcus Payton's Motion to Voluntarily Dismiss (No. 16-cv-457, dkt.

#5) is GRANTED.

(2) Respondent's Motion to Lift Stay and Deny Petitioner's Motion to Vacate (No. 16-cv-457, dkt. #4) is GRANTED.

(3) Petitioner's motion for post-conviction relief under 28 U.S.C. § 2255 in Case No. 16-cv-457 is DENIED.

(4) Petitioner's motion for post-conviction relief under 28 U.S.C. § 2241 in Case No. 17-cv-487 is DENIED.

(5) No certificate of appealability shall issue in Case No. 16-cv-457. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

(6) Petitioner is GRANTED a certificate of appealability as to Case No. 17-cv-487.

Entered this 20th day of December, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge